967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John S. KENNEBREW, Plaintiff-Appellant,
v.
Kurt PETERSON, Superintendent Shelton Corrections Center;
Booth Gardner, individually and in his official capacities;
Fleming, individually and in his official capacity; Joseph
D. Lehman, individually and in his official capacity,
Defendants-Appellees.
 No. 91-35956.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 19, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John S. Kennebrew, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. The district court found that the prison officials were entitled to qualified immunity in Kennebrew's action, which alleged that prison officials had violated his civil rights by authorizing and conducting a digital rectal search without cause and without a legitimate penological reason. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 * Background
 
 
 4
 In his motion to amend his complaint and in the subsequent amended complaint, Kennebrew alleged that on August 15, 1985, prison officials violated his fourth and eight amendment rights by authorizing and conducting a digital rectal search prior to his transfer from the general prison population to the maximum security Intensive Management Unit ("IMU"). Kennebrew alleged that the search was conducted without "any suspicion or cause to believe that plaintiff might be smuggling any contraband." In support of this allegation, Kennebrew stated that no contraband was found during the search and that he had never been cited for possession of contraband prior to the search.
 
 
 5
 Kennebrew also alleged that the search was conducted for "punitive purposes" and was not justified by any legitimate penological goal. In support of this allegation, Kennebrew stated that prison officials stripped Kennebrew to the ankles and made "jokes and racial slurs" as Kennebrew lay prostrate and shackled by leg and waist irons. Kennebrew also stated that no search was performed on his clothing or other body parts during the rectal search.
 
 
 6
 The district court granted the defendants' motion to dismiss, finding that they were entitled to qualified immunity and that Kennebrew's amended complaint failed to state a claim.
 
 II
 Standard of Review
 
 7
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact contained in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. Moreover, in civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 III
 Merits
 
 8
 Generally, "[q]ualified immunity is available to government officials if they could reasonably have thought that their actions were lawful in light of the clearly established law and the information they possessed." Vaughan v. Ricketts, 950 F.2d 1464, 1468 (9th Cir.1991). Prison officials authorizing and conducting digital rectal searches of prisoners are entitled to qualified immunity if "the searches are reasonably related to a legitimate penological goal, or [if the prison officials] reasonably believed that the searches were conducted to further such a purpose." Tribble v. Gardner, 860 F.2d 321, 328 (9th Cir.1988), cert. denied, 490 U.S. 1075 (1989); see also Schlegal v. Bebout, 841 F.2d 937, 945 (9th Cir.1988) (issue of whether prison officials had a reasonable belief that their conduct was lawful is an issue for the trier of fact).
 
 
 9
 "By 1984, it was clearly established that the [f]ourth [a]mendment requires that rectal searches in prison be conducted with reasonable cause and in a reasonable manner.... A violation of the [f]ourth [a]mendment may be predicated on a finding either that cause was lacking or that the search was conducted in an unreasonable manner." Vaughan, 950 F.2d at 1468-69 (citing Bell v. Wolfish, 441 U.S. 520, 559 (1979)). Moreover, prisoners have a clearly established right to be free from digital rectal searches conducted for purposes unrelated to legitimate penological concerns. Tribble, 860 F.2d at 325-27. A digital rectal search also may violate the eighth amendment if it is not related to any legitimate penological concerns. See id. at 325 n. 6.
 
 
 10
 Here, Kennebrew's amended complaint states a claim based on (1) the lack of "reasonable cause" for the digital rectal search and (2) on the grounds that the search was performed for other than legitimate penological reasons.[1] See Vaughan, 950 F.2d 1468-69; Tribble, 860 F.2d at 325-27. Moreover, the issue of whether the prison officials reasonably believed that the search and the search policy were lawful is an issue for the trier of fact. See Schlegal, 841 F.2d 937, 945 (9th Cir.1988). Accordingly, it was error for the district court to dismiss Kennebrew's action for failure to state a claim on qualified immunity grounds.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order focused on Kennebrew's failure to produce sufficient allegations that the search was conducted "with the intent of abusing prisoners." Kennebrew's motion to amend his complaint and his amended complaint, however, assert that (1) the prison guards taunted Kennebrew and used racial and other disparaging epithets prior to the search and (2) the search did not include his clothing or any other body areas other than the rectal cavity
 Given that for purposes of dismissal, Kennebrew's contentions of material fact are taken as true and construed in the light most favorable to him, see Tanner, 879 F.2d 576, these contentions are sufficient to withstand a Rule 12(b)(6) motion to dismiss on qualified immunity grounds. See Tribble, 860 F.2d at 325-27 (court relying on similar allegations upheld district court's denial of prison officials motion for summary judgment on qualified immunity grounds).